Opinion by EKWALL, J.   From the testimony it appeared that the collector's original liquidation was taken pursuant to the decision reported in *Columbia Co.* v. *United States* (5 Cust. Ct. 175, C. D. 395):   The reliquidation was taken pursuant to instructions from the Commissioner of Customs received October 29, 1941. Inasmuch as section 514, Tariff Act of 1930, provides that liquidation in the absence of protest "upon the expiration of sixty days from the date" thereof shall be final and conclusive upon all persons, it was held that under said section the collector had no power to reliquidate after the expiration of the 60-day period. (*John S. Phipps* v. *United States*, 22 C. C. P. A. 595, T. D. 47601; *McKesson Wholesale Drug Co.* v. *United States*, 65 Treas. Dec. 478, T. D. 46955; and *Pacific Brokerage Co.* v. *United States*, 3 Cust. Ct. 20, C. D. 193, cited.)   The plaintiff's claim was therefore sustained.

**No. 51275.**—Protests 28804–K, etc., of M. A. Hoenecke et al. (Minneapolis, etc.)

Opinion by EKWALL, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 51276.**—Protests 122795–K, etc., of S. S. Kresge Co. et al. (Baltimore, etc.).

Opinion by EKWALL, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE FIRST DIVISION, AUGUST 30, 1946

**No. 51277.**—Protest 112193–K of Lador, Inc. (New York).

Opinion by OLIVER, P. J.   It was stipulated that the merchandise consists of music boxes the same in all material respects as those passed upon in *Thorens Co.* v. *United States* (15 Cust. Ct. 165, C. D. 965).   In accordance therewith the claim of the plaintiff was sustained.

**No. 51278.**—Protest 119139–K/12746 of Geo. Wm. Rueff, Inc. (New Orleans).

Opinion by COLE, J.   It was stipulated that the merchandise is the same in all material respects as the beef-liver extract passed upon in *United States* v. *Judson Sheldon Corp.* (33 C. C. P. A. 73, C. A. D. 318).   In accordance therewith the claim for free entry under paragraph 1669 was sustained.

BEFORE THE SECOND DIVISION, AUGUST 30, 1946

**No. 51279.**—Protests 58047–K, etc., of New York Merchandise Co., Inc. (New York).

Opinion by LAWRENCE, J. From the uncontradicted evidence the court found that the merchandise consists of Christmas tree lamps similar in all material respects to those the subject of *New York Merchandise Co., Inc.* v. *United States* (16 Cust. Ct. 148, C. D. 1003), wherein like lamps were held to be parts of Christmas tree lighting sets. On the established facts it was held that the merchandise which was entered for consumption or withdrawn from warehouse for consumption prior to January 1, 1939, is dutiable at 35 percent under paragraph 353, and that the merchandise entered for consumption or withdrawn from warehouse for consumption subsequent to that date is dutiable at 25 percent by virtue of T. D. 49753. The protests were sustained to this extent.

**No. 51280.**—Protest 66239–K of New York Merchandise Co., Inc. (New York).

Opinion by LAWRENCE, J. From the uncontradicted evidence the court found that the merchandise consists of Christmas tree lamps similar in all material respects to those the subject of *New York Merchandise Co., Inc.* v. *United States* (16 Cust. Ct. 148, C. D. 1003), wherein like lamps were held to be parts of Christmas tree lighting sets. On the established facts it was held that the merchandise which was entered for consumption or withdrawn from warehouse for consumption prior to January 1, 1939, is dutiable at 35 percent under paragraph 353, and that the merchandise entered for consumption or withdrawn from warehouse for consumption subsequent to that date is dutiable at 25 percent by virtue of T. D. 49753. The protest was sustained to this extent.

**No. 51281.**—Protests 977742–G, etc., of New York Merchandise Co., Inc. (New York).

Opinion by LAWRENCE, J. From the uncontradicted evidence it was held that the Christmas tree lamps similar in all material respects to those the subject of *New York Merchandise Co., Inc.* v. *United States* (16 Cust. Ct. 148, C. D. 1003) and the brass-base shells the same as those involved in *New York Merchandise Co., Inc.* v. *United States* (8 Cust. Ct. 209, C. D. 607) are dutiable at 35 percent under paragraph 353 as parts of articles having as an essential feature an electrical element or device, such as signs. Bicycle horns similar to those the subject of *Spiegel Bros. Corp.* v. *United States* (9 Cust. Ct. 194, C. D. 692) were held dutiable at 30 percent under paragraph 371 as parts of bicycles. The protests were sustained to this extent. ·

**No. 51282.**—Protest 947310–G of New York Merchandise Co., Inc. (New York).